UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

KENT WILLIAMS,

             Plaintiff,

v.

BREE DERRICK, Director of Prisons,
and WARDEN VALLEY,

             Defendants.

Case No. 1:25-cv-00443-DCN
Case No. 1:26-cv-00011-DCN

**INITIAL REVIEW ORDER
BY SCREENING JUDGE AND
ORDER OF CONSOLIDATION**

Plaintiff Kent Williams filed an in forma pauperis Complaint in this action and one in the action that he desires to have consolidated with this one. Both are subject to screening. The Court must review complaints filed by paupers and prisoners seeking relief against state actors to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915 & 1915A. Having reviewed Plaintiff's Complaints, the Court issues the following Order.

**REVIEW OF COMPLAINT IN CASE 443 AND CONSOLIDATION**

**1. Standard of Law**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court liberally construes the pleadings to determine whether a case should be dismissed.

Under 28 U.S.C. §§ 1915 and 1915A, the Court may dismiss some or all of the claims in a complaint for any of the following reasons:

INITIAL REVIEW ORDER BY SCREENING JUDGE AND ORDER OF CONSOLIDATION - 1

- "insufficient facts under a cognizable legal" theory, *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984), meaning that the factual assertions, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009);

- "lack of a cognizable legal theory," *Robertson*, 749 F.2d at 534, including that the complaint fails to state a claim upon which relief may be granted, 28 U.S.C. § 1915(e)(2)(B), or the Court applies a procedural bar  sua sponte (on its own) that is often raised as an affirmative defense, *Hebrard v. Nofziger*, 90 F.4th 1000, 1006-08 (9th Cir. 2024) (affirming dismissal based on *Heck v. Humphrey*, 512 U.S. 477 (1994));

- frivolousness or maliciousness, 28 U.S.C. § 1915(e)(2)(B); or

- seeking monetary relief from a defendant who is immune from such relief, *id*.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

A prisoner's conditions of confinement are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). The Eighth Amendment "embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." *Estelle v. Gamble,* 429 U.S. 97, 102 (1976). While conditions of confinement may be harsh and restrictive without being a violation of the Eighth

Amendment, they cross the line of acceptability when they result "in unquestioned and serious deprivation of basic human needs, or deny an inmate "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

When conditions of confinement are challenged, a plaintiff must make two showings. First, the plaintiff must make an "objective" showing that the deprivation was "sufficiently serious" to form the basis for an Eighth Amendment violation. *Johnson*, 217 F.3d at 731.

Second, the plaintiff must make a "subjective" showing that the prison official acted "with a sufficiently culpable state of mind." *Id*. (internal quotation marks omitted). To establish an official's deliberate indifference, an inmate must show that (1) the officer was aware of the risk to the prisoner's health or safety, and (2) the officer deliberately disregarded that risk. *Farmer*, 511 U.S. at 837. To rebut the subjective inquiry, prison officials may present evidence that they reasonably responded to the risk. *Id*. at 844–45. Mere negligence is not sufficient to establish deliberate indifference; rather, the official's conduct must have been wanton. *Id*. at 835.

The Eighth Amendment prohibition against cruel and unusual punishment requires that prisoners be served "nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it." *Robles v. Coughlin,* 725 F.2d 12, 15 (2d Cir. 1983) (internal citations omitted); *Grubbs v. Bradley,* 552 F.Supp. 1052, 1123 (M.D. Tenn. 1982) (serious sanitation problems in food service and preparation areas could certainly rise to the level of an Eighth Amendment violation).

INITIAL REVIEW ORDER BY SCREENING JUDGE AND ORDER OF CONSOLIDATION - 3

Isolated instances of food poisoning or temporary lapses in sanitary food service are not sufficiently serious to constitute an Eighth Amendment violation. *See, e.g., Morris v. Jennings*, No. 2:13-cv-1134 AC P., 2013 WL 5970444, at *2 (E.D. Cal. Nov. 8, 2013) (prisoner's allegations of unidentified foreign object, hair, or sweat in food, along with stomach problems not causally linked to food service, failed to state a cognizable Eighth Amendment claim); *Miles v. Bell*, 621 F. Supp. 51, 63 (D. Conn. 1985) (sanitation problems in the food service area identified by plaintiffs, including occasional insect infestation, are not such that the food presents an immediate danger to the inmates who consume it). "The fact that [prison] food … sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation." *LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993) (internal quotation marks omitted).

### 2.  Claims of Unsanitary Food Service

Plaintiff alleges that, generally, once meals are handed over to correctional staff to distribute to inmates who are confined in their cells for meals, correctional staff use multiple unsanitary means to deliver food to inmates. He asserts prison officials and food handlers have refused to change unsanitary food service protocols and practices. Liberally construing the Complaint, the Court concludes that Plaintiff has stated a claim with these allegations.

### 3.  Motions for Expedited Review and Preliminary Injunctive Relief

Plaintiff has filed various motions to ask the Court to expedite his case and find that the food handling procedures pose a serious threat to his health, such that preliminary injunctive relief would be possible. Dkts. 5, 6, 9. Issuance of a temporary restraining order

or preliminary injunction is appropriate where a plaintiff can show that (1) there are "serious questions going to the merits," (2) there is a "a balance of hardships that tips sharply towards the plaintiff," (3) "there is a likelihood of irreparable injury," and (4) "an injunction is in the public interest." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). A request can be granted only if "the facts and law clearly favor the moving party." *Stanley v. Univ. of S. California*, 13 F.3d 1313, 1320 (9th Cir. 1994).

In addition, in the prison context, the Prison Litigation Reform Act (PLRA) provides that "[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. §3626(2).

Plaintiff has not clearly stated injuries directly linked to the food handlers' alleged unsanitary methods of distributing food to inmates who eat meals in their cells. He does not provide reports of widespread illness or other harm caused to the population of inmates who eat in their cells. The Court concludes that the best method for resolving these issues in an expedited manner is to require Defendants to provide a Martinez report,[1] with an opportunity for Plaintiff to respond. Therefore, these motions will be denied without

---

[1] In *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978), rather than dismissing the complaint or sending it out for service and an answer, the district court ordered prison officials to conduct an investigation of the incident to include an interrogation of those concerned. The transcripts of the interrogations and an explanation by the officials were to be provided to the court to enable it to decide the jurisdictional issues and make a screening determination under 28 U.S.C. § 1915(a). *Id.* at 319. The United States Court of Appeals for the Ninth Circuit approved the use of Martinez reports in *In re Arizona*, 528 F.3d 652, 659 (9th Cir. 2008), concluding that, "[a]s a permissible option within its broad discretion, a district court in an appropriate case can issue a Martinez-style order that is reasonably tailored to the pretrial needs of the district court to assess the case."

INITIAL REVIEW ORDER BY SCREENING JUDGE AND ORDER OF CONSOLIDATION - 5

prejudice.

### 4.  Motion to Preserve Evidence

Plaintiff requests that the Court issue an order requiring prison officials to preserve video evidence of the food distribution in his unit. Dkt. 4. As the Court advised Plaintiff in Case No. 1:24-cv-00117-DCN (Dkt. 28 at 9), Plaintiff first must contact the prison and state attorney general in writing to request preservation before petitioning the Court for relief. This motion will be denied without prejudice.

### 5.  Motion to Consolidate and Motion to Amend

Plaintiff requests consolidation of two cases and desires to amend the Complaint filed in this case. He has brought only injunctive relief claims in this case, and it is unnecessary to amend the Complaint to clarify that these are official capacity claims. He brings claims for monetary damages for the same claims in a different lawsuit, Case 1:26-cv-00011-DCN (Case 11).

The Court will permit consolidation of Case 11 with its seven named Defendants and two John Doe Defendants, whom Plaintiff sues for monetary damages, but no additional defendants will be permitted to be amended into that case for case management reasons and because of Plaintiff's three-strikes status, addressed below. Plaintiff will not be permitted to proceed on official capacity claims for injunctive relief against any Defendant except the IDOC director and the warden of his current facility; claims for money damages against state actors in their official capacity are prohibited by Eleventh Amendment immunity. *See Hafer v. Malo*, 502 U.S. 21, 2658, 362 (1991).

This Order will generally serve as the screening order for Case 11, as well.

### 6. Plaintiff's Statement regarding his Participation in Litigation

Plaintiff's assertions in the Complaint pose a threshold problem in this case:

> Should … the court (likely Nye) start with its overt biased impediment and frustrative games, or deny to motion to come to remove litigating impediments (copy – e-file source) Plaintiff will file <u>Dozens</u> of staggered (as quick as he can write them), separate § 1983 punitive and compensatory actions naming separate individuals and incidents of unsafe food handling. The court's corrupt and evident biased games will not be tollorated [sic].
>
> There are a lot of ways to keep suits over this going should the court start dismissing out of baias [sic] or technicalities, such as failure to be able to litigate due to no copy or e-file services (Plaintiff will not be mailing Defendants anything without a protetive [sic] copy of it. lets [sic] keep it going.)

Dkt. 3 at 2.

As in other cases Plaintiff has filed, the Court clarifies that Plaintiff is *not* actually without copying and e-file services. Rather, he generally refuses to use the prison's designated access to courts system, creating his own litigation dilemma. His refusal to use the system that all other litigating prisoners use has caused his failure to participate in disclosures and discovery in other litigations, as in Case No. 1:20-cv-000008-REP (Case 08) (discovery sanction dismissal by district court; in forma pauperis status revoked for filing frivolous appeal; appeal dismissed as frivolous) and Case 1:24-cv-00272-DCN (Case 272) (discovery sanction dismissal by district court).

In the United States District Court for the District of Idaho, Plaintiff was ordered to litigate his claims about the prison's designated access to courts system only in case 1:22-cv-00052-DCN, and not continue to raise those issues in his other cases. He has refused to

do so, causing disruption of ongoing litigation and tremendous waste of public resources. *See* Case 272, Dkt. 38, *Order of Dismissal*.

The Court incorporates by reference the analyses and general conclusions as to Plaintiff's similar acts in Case 272 (Dkt. 38); Case 08 (Dkts. 214, 219, 229, 235); Case No. 1:17-cv-00223-DCN (Dkt. 67) (discovery sanction dismissal affirmed on appeal); Case No. 1:18-cv-00343-DCN (Dkt. 21) (sanction of dismissal for failure to comply with 20-page limit for complaints under General Order 342 affirmed on appeal); and Case No. 1:22-cv-00346-BLW (Dkt. 78) (case dismissed for failing to follow case management order limiting number and type of filings).

To save public resources and conserve court case management time, Plaintiff will be required to file a notice of compliance stating that (1) he intends to participate in required disclosure and discovery procedures in this case, and (2) he will not decline to participate by choosing not to use the prison's designated copy, e-file service, and/or prisoner return mail system. If he does not file a notice within 21 days, these consolidated cases will be dismissed without prejudice under Federal Rule of Civil Procedure 41(b). If he does so, the beginning date for calculation of the deadline for the Martinez report will be the date Plaintiff files his notice of compliance.

### 7. Plaintiff's Three Strikes Status

The Prison Litigation Reform Act of 1995 introduced a "three strikes" provision to address the growing trend of frivolous civil rights actions filed by prison inmates. *See* Pub. L. No. 104-134, 110 Stat. 1321 (1996). This provision prohibits a prisoner from filing lawsuits or appeals in forma pauperis if he previously filed three other actions in federal

INITIAL REVIEW ORDER BY SCREENING JUDGE AND ORDER OF CONSOLIDATION - 8

court that were dismissed on the grounds of frivolousness, maliciousness, or failure to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(g). The only exception is that a prisoner with three strikes may be permitted to file an in forma pauperis action if he appears to be "under imminent danger of serious physical injury." *Id*. If he is not in such danger, then he must pay the $405 filing fee at the time of filing.

The Court takes judicial notice of filings previously brought by Plaintiff that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted:

- Case No. 1:23-cv-111, *Williams v. Atencio*, dismissed as frivolous on September 13, 2025.

- Case No. 1:20-cv-00008-REP, *Williams v. McKay*, appeal dismissed as frivolous on September 25, 2025.

- Case No. 1:23-cv-584-DCN, *Williams v. Campbell*, dismissed as frivolous on February 11, 2026;

- Case No. 1:24-cv-00004-BLW, *Williams v. Campbell*, dismissed for failure to state a claim on February 3, 2026.

- Case No. 1:24-cv-00006-BLW, *Williams v. Campbell*, dismissed for failure to state a claim, with a strike issued, on February 3, 2026.

As of February 3, 2026, Plaintiff had accrued three strikes. Therefore, Plaintiff is warned that he may not file multiple food service or other complaints "as quick as he can write them" (Dkt. 3 at 2), unless they meet the imminent danger exception or he submits the $405 filing fee for each. Plaintiff's current food handling and food sanitation prospective injunctive relief claims are to be litigated in this case only.

Claims for damages against individual food handlers filed after February 3, 2026, will not meet the imminent danger exception because the injunctive relief claims are being addressed in this case.

### 8. Conclusion

The Court will continue this case in the pre-litigation screening phase and request that Defendants provide a Martinez report covering (1) Plaintiff's sanitary food handling claims from June 2025 through the date of the Martinez report (including prior and current housing units); and (2) Plaintiff's allegations that current food handling practices constitute an emergency risk to his health in his new housing unit.

**ORDER**

**IT IS ORDERED:**

1. Plaintiff's Motion to Consolidate Cases (Dkt. 10) is GRANTED to the limited extent set forth above. The Clerk of Court shall consolidate Case 1:26-cv-00011-DCN with this one. The Clerk of Court shall docket a copy of this Order as the screening order in both cases. All further filings shall be filed and docketed only in this case (Case 1:25-cv-00443-DCN).

2. Plaintiff's Motion to Expedite (Dkt. 6), his Emergency Motion for the Court to Rule (Dkt. 9), and his Motion for Preliminary Injunction (Dkt. 5) are DENIED without prejudice pending review of the Martinez Report.

3. Plaintiff's Motion to Amend Complaint (Dkt. 8) is DENIED as MOOT.

4. Plaintiff's Motion for Order Preserving Evidence (Dkt. 4) is DENIED without prejudice.

INITIAL REVIEW ORDER BY SCREENING JUDGE AND ORDER OF CONSOLIDATION - 10

5.  Within **21 days** after entry of this Order, Plaintiff shall file a notice of compliance, as set forth above. Failure to do so will result in dismissal of the consolidated cases without prejudice, prior to Defendants' duty to prepare and file a Martinez report.

6.  The Court has substituted the present IDOC director for the past IDOC director for injunctive relief purposes. *See* Fed. R. Civ. P. 25(d). The parties shall use the updated caption.

7.  If Plaintiff files a timely notice of compliance, Counsel for Defendants are requested to make a limited appearance for the purpose of providing a Martinez report and any other relevant records.

8.  The Clerk of Court shall serve, via the ECF system, a copy of this Order and Plaintiff's Complaint and attachments (Dkt. 3) and Status Change Notice (Dkt. 17), and a copy of Plaintiff's Complaint and attachments (Dkt. 3) from Case 1:26-cv-00011-DCN on the following counsel on behalf of Defendants: **Mary Karin Magnelli**, Deputy Attorney General for the State of Idaho, Idaho Department of Corrections, 1299 North Orchard, Ste. 110, Boise, Idaho 83706.

9.  The Clerk need not send a waiver of service of summons at this time, because the case remains in screening status.

10. The Martinez report should be filed within **60 days** after a timely notice of compliance. No report is due if no notice of compliance is filed.

11. The Martinez report does not need to be in any particular format, but counsel can present the report in any organized manner that makes sense in response to this Order. Exhibits that implicate privacy or security concerns may be filed under seal

INITIAL REVIEW ORDER BY SCREENING JUDGE AND ORDER OF CONSOLIDATION - 11

or in camera, as may be appropriate. Exhibits filed in camera must be accompanied by a privilege or security log that is provided to Plaintiff.

12. After the filing of the Martinez report, Plaintiff shall have **14 days** in which to file a response.

13. Nothing further may be filed until the Court reviews the Martinez report and response.

DATED: March 31, 2026

David C. Nye
U.S. District Court Judge